UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSEPH MEADOWS,

    Plaintiff,

v.                                                         CASE NO:
                                                  HONORABLE:

CITY OF WALKER, STEVE DUMOND, and CHRIS WIETFELDT, in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED ACTION ARISING OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE COMPLAINT

**COMPLAINT AND JURY DEMAND**

**NOW COMES** Plaintiff, **JOSEPH MEADOWS**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and for his Complaint against the above-named Defendants states as follows:

1. Plaintiff is currently a resident of the City of Kentwood, County of Kent, State of Michigan.

2. Defendant City of Walker is a municipal corporation and governmental subdivision which is organized and existing under the laws of the State of Michigan.

3. Defendants Steve Dumond and Chris Wietfeldt are and/or were police officers working and/or assigned to the City of Walker Police Department and at all times mentioned herein were acting under color of law, in their individual and official capacities, and within the course and scope of their employment.

4. All events giving rise to this lawsuit occurred in the City of Walker, County of Kent, State of Michigan.

5. This lawsuit arises out of Defendants' violation of Plaintiff's federal constitutional rights as secured by the Fourth Amendment as it applies to the States through the Fourteenth Amendment to the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. §1983.

6. Jurisdiction is vested in this Court pursuant to 28 U.S.C. §1331 [federal question] and 28 U.S.C. § 1343 [civil rights].

7. That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), not including interest, costs, and attorney fees.

## FACTS

8. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

9. That on August 29, 2017, Plaintiff was the driver of a vehicle on I-96 westbound near Walker Avenue in Walker, Michigan.

10. That Defendant Steve Dumond initiated a traffic stop on Plaintiff and Plaintiff pulled his vehicle over on Walker Avenue at the end of the I-96 exit ramp.

11. That Defendant Steve Dumond held Plaintiff at gunpoint until Plaintiff opened his door.

12. That Defendant Chris Wietfeldt then arrived to the scene and approached the passenger side of Plaintiff's vehicle, also holding Plaintiff at gunpoint.

13. That Defendants Steve Dumond and Chris Wietfeldt demanded Plaintiff "step out" of his vehicle.

14. Plaintiff stepped out of the driver's side of his vehicle.

15. That Defendant Steve Dumond grabbed Plaintiff and slammed him to the ground without any legal justification.

16. That Defendant Chris Wietfeldt ran to the driver's side of Plaintiff's vehicle.

17. That Defendant Steve Dumond was holding and continued holding Plaintiff's left arm.

18. That Defendant Steve Dumond kneed Plaintiff in the lower back.

19. That Defendant Chris Wietfeldt struck Plaintiff.

20. That Plaintiff was handcuffed behind his back and placed under arrest.

21. As a result of Defendants' unlawful and excessive actions and/or inactions, Plaintiff suffered significant injuries and damages.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983 EXCESSIVE FORCE**

22. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

23. At all relevant times herein, the individual Defendants acted under color of law, within the scope and course of their employment, and in their official and individual capacities.

24. Defendants violated Plaintiff's clearly established and federally protected rights as set forth under the United States Constitution and the Amendments thereto, including, but not limited to, the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures mainly to be free from excessive use of force, when they employed unnecessary and unreasonable excessive force which resulted in significant injuries to Plaintiff.

25. The actions of Defendants were at all times objectively unreasonable in violation of Plaintiff's clearly established rights under the Fourth Amendment to the United States Constitution which proximately resulted in significant injuries to Plaintiff.

26. Defendants are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from excessive use of force.

27. As a proximate result of the violations and/or deprivations of Plaintiff's constitutional rights by Defendants, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 together with costs, interests, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT II
## CITY OF WALKER CONSTITUTIONAL VIOLATIONS

28. Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

29. Defendant City of Walker acted recklessly and/or with deliberate indifference when it practiced and/or permitted customs and/or policies and/or practices that resulted in constitutional violations to Plaintiff.

30. That these customs and/or policies and/or practices included, but were not limited to, the following:

    a. Failing to adequately train and/or supervise its police officers so as to prevent violations of citizen's constitutional rights;

    b. Failing to adequately train and/or supervise police officers regarding reasonable seizures;

    c. Failing to adequately train and/or supervise police officers regarding the proper use of force;

    d. Failing to supervise, review, and/or discipline police officers whom Defendant City of Walker knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct; and

    e. Failing to adequately train and/or supervise its police officers in the proper policies and procedures for establishing probable cause to arrest

and the proper policies and procedures for effectuating an arrest without the use of excessive force.

31. Defendant's conduct demonstrated a substantial lack of concern for whether an injury resulted.

32. Defendant's acts and/or indifference and/or omissions were the direct and proximate cause of Plaintiff's injuries.

33. The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and/or Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983, and Plaintiff has a viable claim for compensatory and punitive damages plus interest, costs, and attorney fees as set forth in 42 U.S.C. §1988.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      **<u>s/ Christopher J. Trainor</u>**
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      AMY J. DEROUIN (P70514)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
                                      White Lake, MI  48386
                                      (248) 886-8650
                                      amy.derouin@cjtrainor.com

Dated:  March 9, 2020
CJT/lvp

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

JOSEPH MEADOWS,

    Plaintiff,

v.                                       CASE NO:
                                        HONORABLE:

CITY OF WALKER, STEVE DUMOND, and CHRIS WIETFELDT, in their individual and official capacities,

    Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650<br>amy.derouin@cjtrainor.com | |

**DEMAND FOR TRIAL BY JURY**

**NOW COMES** Plaintiff, **JOSEPH MEADOWS**, by and through his attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and herby makes a demand for trial by jury in the above-entitled cause.

                                              Respectfully Submitted,
                                              CHRISTOPHER TRAINOR & ASSOCIATES

                                              **s/ Christopher J. Trainor**
                                              CHRISTOPHER J. TRAINOR (P42449)
                                              AMY J. DEROUIN (P70514)
                                              Attorneys for Plaintiff
                                              9750 Highland Road
                                              White Lake, MI  48386
                                              (248) 886-8650
                                              amy.derouin@cjtrainor.com

Dated:  March 9, 2020
CJT/lvp